UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEN VENTURA, | No. 2:26-cv-1703-DJC-CKD (PS) |
| Plaintiff, | |
| v. | ORDER |
| FRAN VELLA-MARRONE, et al., | |
| Defendants. | |

Plaintiff Ben Ventura proceeds without counsel[1] and seeks relief under 42 U.S.C. § 1983. Plaintiff's complaint is before the court for screening and plaintiff requests to proceed in forma pauperis. (ECF Nos. 1, 2.) Plaintiff's application to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915. However, the complaint fails to state a claim. The complaint must be dismissed, but plaintiff is granted leave to file an amended complaint.

**I.     Screening Requirement**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(21) pursuant to 28 U.S.C. § 636.

1

(2000). In performing this screening, the court liberally construes a pro se plaintiff's pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987).

## II.    Plaintiff's Allegations

Plaintiff's complaint names three individuals as defendants and indicates he seeks relief for an alleged violation of due process. However, the complaint is completely devoid of factual allegations. (ECF No. 1.)

## III.   The Complaint Must be Dismissed

As it pleads no specific factual allegations, the complaint fails to state a claim. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## IV.    Conclusion and Order

Plaintiff is granted leave to file an amended complaint. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect… a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). An amended complaint should be titled "First Amended Complaint." Local Rule 220 requires that an amended complaint be complete by itself without reference to any prior pleading.

For the reasons set forth above, IT IS ORDERED as follows:

1.  Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

2.  Plaintiff's complaint is dismissed with leave to amend.

3.  Plaintiff is granted 30 days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  May 14, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 vent26cv1703.scrn

3